UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRLANDY LIMA GARCIA (A No. 208 702 941), | No.  1:26-cv-5642 DC CKD P |
| Petitioner, | |
| v. | |
| WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al., | ORDER AND |
| Respondents. | FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Central Valley ICE Detention Facility in McFarland, proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1]   For the reasons which follow, the court recommends that the petition be GRANTED.

I.  Motion for Leave to Proceed In Forma Pauperis

Petitioner has filed motion for leave to proceed in forma pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.

/////

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

II.  Motion for Appointment of Counsel

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

III.  Background

Petitioner is a native and citizen of Cuba.  ECF No. 8-1 at 1.  He entered the United States on or about December 5, 2015, at Laredo, Texas and was placed on parole.  Id.  On December 9, 2017, petitioner became a lawful permanent resident.  Id.

On June 5, 2023, petitioner was convicted of credit card fraud, I.D. fraud, fraud—swindle and forgery in Florida with said crimes being committed on or about June 3, 2022.  Id.; ECF No. 8-1 at 4.  He was sentenced to 5 years probation.  ECF No. 8-2.  On February 12, 2026, petitioner was detained by ICE, charged with being removable under 8 U.S.C. § 1227(a)(2)(i) and § 1227(a)(2)(ii) and ordered to appear for removal proceedings on March 11, 2026.  ECF No. 1 at 7; No. 8-1 at 1 & 4;  No. 8-3 at 2.  The status of the removal proceedings is not clear.

Petitioner has been in continuous ICE custody since his February 2026 arrest by ICE

IV.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of

2

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

V. Mandatory Detention Under 8 U.S.C. § 1226(c)

In an order denying petitioner preliminary injunctive relief issued August 7, 2026, the district court judge assigned to this case found that, as of that date, petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) due to the convictions for crimes identified above.   The court reasoned:

> An Immigration Judge issued an [8-4] Order finding that Petitioner's conviction "is categorically a [crime involving moral turpitude]" under the Immigration and Nationality Act. The court agrees with that analysis. Under 8 U.S.C. § 1226(c)(1)(A), noncitizens convicted of crimes of moral turpitude are subject to mandatory detention. 8 U.S.C. § 1226(c)(1)(A); 8 U.S.C. § 1182(a)(2). The Supreme Court has held that mandatory detention under that statute passes constitutional muster. See Demore v. Kim, 538 U.S. 510 (2003).

The court agrees with the immigration and district court judges' analysis and petitioner does not provide any meaningful argument that the crimes he committed are not crimes involving moral turpitude subjecting him to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).

VI. Prolonged Detention

The only question which remains is whether the length of petitioner's potentially prolonged detention under 8 U.S.C. § 1226(c), which now exceeds six months, entitles petitioner to a hearing before an immigration judge as to the appropriateness of custody. In several cases, most recently, Leyva v. Warden, No. 1:26-cv-4038 DJC CKD P, 2026 WL 2186531 (E.D. Cal. July 29, 2026), the court has found that it does. With the facts of this case being materially indistinguishable from those in the court's recent rulings, the court finds that the reasoning in those rulings is applicable here. Accordingly, the court recommends that a hearing concerning petitioner's detention be ordered under the terms identified below.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (ECF No. 3) is GRANTED.

2. Petitioner's motion for the appointment of counsel (ECF No. 4) is DENIED.

IT IS HEREBY RECOMMENDED

1. Petitioner's application for a writ of habeas corpus be GRANTED.

2. Respondents be ordered to commence a constitutionally adequate bond hearing before an immigration judge within 14 days.  At the hearing, the government shall bear the burden of justifying petitioner's continued detention by clear and convincing evidence.

3. Respondents be further directed to file a notice certifying compliance with the above provision within 7 days from the date of the bond hearing.

4. If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **SEVEN** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **SEVEN** after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 12, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
carc5642.imm.frs

4