UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIRLANDY LIMA GARCIA (A-208-702-941),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05642-DC-CKD (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 13)

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 12, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 13.) On August 18, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 15.) Respondents "object to the Findings and Recommendation's assumption that detention at the sixth month is prolonged detention without any finding related to an as-applied due process challenge, where mandatory detention is not facially unconstitutional," and "the prescription of the Findings and Recommendation placing the burden of proof on the Government." (*Id.* at 1.)

However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Indeed, the magistrate judge found that "the facts of this case [are] materially indistinguishable from those in the court's recent rulings," and thus adopted the reasoning of those cases for Petitioner's case. (Doc. No. 13 at 3.) The undersigned finds no defect in this analytical approach. Moreover, like the magistrate judge, the undersigned has found that noncitizens are entitled to a bond hearing when their mandatory immigration detention without any such hearing has become unconstitutionally prolonged. *See Inderjit Singh v. Albarran*, No. 1:26-cv-00940-DC-DMC, 2026 WL 392169 (E.D. Cal. Feb. 12, 2026) (granting motion for temporary restraining order and ordering a bond hearing where the petitioner was detained pursuant to 8 U.S.C. § 1226(c) for approximately twelve months without a bond hearing); *see also Rodriguez v. Warden, Cal. City Det. Fac.*, No. 1:26-cv-01373-DC-SCR, 2026 WL 1727199 (E.D. Cal. June 15, 2026) (granting petition for a writ of habeas corpus and ordering a bond hearing where the petitioner was detained pursuant to 8 U.S.C. § 1226(c) for over six months without a bond hearing). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 12, 2026 (Doc. No. 13), are ADOPTED;

2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED, as follows:

    a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Mirlandy Lima Garcia (A-208-702-941) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued

immigration detention is justified;

b. Respondents are ORDERED to provide Petitioner and his counsel, if any, with seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;

c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and

d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dena Coggins
United States District Judge